**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**Johnny BOWLINE, Louis Butler, Curtis Hallum, Johnny Jones, Pat Leonard, and Trish Leonard, Defendants-Appellees.**

**Nos. 78–1663, 78–1664, 78–1665, 78–1667, 78–1668 and 78–1669.**

United States Court of Appeals,
Tenth Circuit.

Argued Jan. 23, 1979.
Decided March 8, 1979.

Julian K. Fite, U. S. Atty., Muskogee, Okl., for plaintiff-appellant.

Jerry L. McCombs, Idabel, Okl., for defendant-appellee Johnny Bowline.

J. W. Coyle, III, Oklahoma City, Okl., for defendant-appellee Louis Butler.

John E. Shipp, Idabel, Okl., for defendant-appellee Curtis Hallum.

Gene Stipe, Oklahoma City, Okl., for defendant-appellee Johnny Jones.

Robert D. McDonald, Fort Gibson, Okl., for defendant-appellee Pat Leonard.

J. Ron Wright, Muskogee, Okl., for defendant-appellee Trish Leonard.

Before HOLLOWAY, BARRETT and DOYLE, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

The question in this case is the appealability of the dismissal by the government of a conspiracy charge. The indictment also contained a total of 15 substantive charges against various defendants. Our interest here is limited to the validity of the trial court's dismissal of Count I, the conspiracy, based upon the fact that it, according to the judge's finding, described not one conspiracy but several. The dismissal of the conspiracy count occurred prior to the offer of all of the evidence in the case.

A total of 36 defendants were involved in this case. Twelve of these defendants were tried in April 1978, and at this time the indictments were dismissed as to two. Three were found not guilty and seven were found guilty.

The trial in question involved nine of the 36 defendants and ended when the trial court granted a mistrial because of the consistent failure of the district attorney to comply with the requirements of the Jencks Act, 18 U.S.C. § 3500. Following the granting of the mistrial, the court severed the conspiracy from the numerous substantive offenses and also granted severance as to each defendant from the other.

On June 23, 1978, the court dismissed the conspiracy count against seven defendants on the ground that what purported to be one conspiracy was inclusion of multiple conspiracies in the one count.

The district attorney on behalf of the government has appealed the judgment dismissing Count I of the indictment, and therefore the validity of this court action is before us on appeal.

All of the remaining defendants have been disposed of by guilty pleas or by dismissal on the motion of the government. The six defendants involved in these appeals are also involved in a companion case relating to the substantive counts. Here a mistrial was granted.

### I.

### APPEALABILITY BY THE GOVERNMENT

As noted above, the government has appealed from the district court's order which dismissed Count I of the indictment by reason of the many conspiracies that were included in it, some described in Count I and others which appeared in the evidence. The district attorney would have us rule that the trial court erred in dismissing the indictment, but would have us affirm the court's judgment that the cause should be retried. The appeal by the government must be according to 18 U.S.C. § 3731, as amended in 1971. In pertinent part this statute provides:

In a criminal case an appeal by the United States shall lie to a court of appeals from a decision, judgment, or order of a district court dismissing an indictment or information as to any one or more counts, except that no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution.

Thus, the only restriction on the government appeal is the jurisdictional one that it shall not lie where the double jeopardy clause of the United States Constitution prohibits further prosecution. Accordingly, the validity of the present appeal, which is challenged by the six defendants who remain in the case, depends on whether there can be a further trial or whether subsequent proceedings are barred by the double jeopardy clause of the Fifth Amendment.

## II.

## THE PROCEEDINGS IN THE TRIAL COURT

In order to decide whether retrial is barred it is necessary to view, at least in part, what occurred in the district court. We first consider Count I of the indictment in order to determine whether multiple conspiracies are apparent from a reading of the allegations. This embattled count alleges that during the period starting on or about April 1976, and continuing thereafter to and including September 1977, in the Eastern District of Oklahoma and in the State of Texas and elsewhere, defendants willfully, knowingly and unlawfully did combine, conspire and agree, together with Ralph Patty and James Earl Cook, now deceased, to violate 21 U.S.C. § 841(a)(1), in that they combined, conspired, confederated and agreed to manufacture, possess with intent to distribute, and distribute a Schedule I controlled substance, to-wit: marijuana, in violation of 21 U.S.C. § 846. To this point there is no duplicity, but we have not yet considered the innumerable overt acts.

The overt acts follow the above allegation. Some of these are in furtherance of the conspiracy, but most merely bring forth additional facts attempting to inculpate specific defendants other than the main conspirators. These facts in many instances attest to independent conspiracies.

The main conspiracy would appear to have allegedly commenced in April 1976—the 1976 crop year. The overt acts which allegedly occurred in the spring and summer of 1976 involve the cultivation and sale of a 1976 crop on the property of defendants Ralph Patty and James Earl Cook.

Overt Act 5, however, not only alleges a new agreement and a new crop, it also terminates the old conspiracy. It provides:

> During February and March of 1977, Clifton Carter, Ralph Patty and James Earl Cook entered into an agreement whereby marihuana would be planted on lands belonging to Cook and Patty in McCurtain County, Oklahoma, and that the proceeds from this joint venture would be divided as follows: One-fourth to Ralph Patty, one-fourth to James Earl Cook, one-fourth to Clifton Carter, and one-fourth to Sheriff Paul Stewart.

By alleging an express agreement between Carter, Patty and Cook to plant marijuana on the Cook and Patty land and to sell it, dividing the proceeds, there can be no denial that this is a fresh conspiracy. The overt acts described immediately thereafter are pertinent to this 1977 crop, and the named persons are alleged to have participated in the cultivation and sale of it.

Overt Act 11 (eleven) alleges still another conspiracy to the effect that Clifton Carter, one of the named defendants, financed the purchase and traffic of marijuana from Edinburg, Texas to Idabel, Oklahoma. Carter is alleged to have paid the money.

The succeeding overt acts describe the participation of various individuals, most of whom are not on trial here as having participated in this effort.

The overt acts, commencing with number 12, describe miscellaneous sales and purchases which appear to be disjointed and unconnected with any of the three conspiracies which are set forth in the indictment.

The trial court thought that there were at least three conspiracies, and (as noted), some days after granting the mistrial the judge granted the motion by the defendants-appellees to dismiss Count I. This action was taken June 23, 1978. The mistrial had been granted on June 8, 1978. Prior to the June 23 order, it was ruled that under this court's decision in *United States v. Butler*, 494 F.2d 1246 (10th Cir. 1974), it was unnecessary to dismiss Count I of the indictment. Thereafter, the government moved to reconsider the court's order granting the mistrial. In connection with this reconsideration, the court reconsidered the denial of the defendants' motion to dismiss Count I. It was then that Count I was dismissed.

The court's decision dismissing Count I was predicated on *Kotteakos v. United States*, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946). The fact condition there was

somewhat analogous to that here. A single conspiracy had been charged and multiple conspiracies were proven. The similarity between *Kotteakos* and the instant case consisted of indiscriminate trials for transactions and conspiracies in which some defendants had participated and some had not. The Supreme Court noted in *Kotteakos* that the right involved was not to be tried en masse for the conglomerate of distinct and separate offenses committed by others. The substance of the trial court's ruling is set forth below.[1]

The trial court also recited in its opinion that at the outset of the trial in May, the defendants moved to dismiss Count I of the indictment because of the multiple conspiracies charged in Count I. The judge said that he had denied this motion in order to hear the evidence before he could determine whether a variance between the conspiracy charged and the proof was present. The judge also said that at the time that the mistrial was ordered, he had not considered it necessary to dismiss Count I. Later, however, in the course of considering the motion of the government to reconsider the order granting the mistrial, the motion for dismissal had also been reconsidered and granted.

From a review of the record, we agree that there were indeed multiple conspiracies which fully justified the court's ruling that the indictment was duplicitous.

■ Dismissal would not ordinarily, however, be the appropriate remedy where multiple conspiracies emerge despite the fact that the indictment purports to describe only one conspiracy.

■ Professor Moore, 8 Moore's Federal Practice ¶ 8.03[1], [2], calls attention to the fact that Rule 8(a) is violated when this kind of duplicity exists. In § 8.04[1], the author considers the available relief in the event of duplicity or misjoinder. Ordinarily it is to be raised before trial under Rule 12(b)(2). The indictment as a whole is not dismissed. If it develops in trial, the preferred approach, according to Moore, is a motion by the defendants to compel the government to elect the count or counts upon which it desires to proceed. The remaining counts would then be severed and tried separately or dismissed. The court here, however, has ordered the dismissal. The trial court's reasoning was that the several defendants at trial were a mixed group, some of whom had participated in one or more of the conspiracies, but many of whom had not participated in some of the conspiracies and thus all were subjected to prejudice as a result of being tried in an atmosphere where the acts and conspiracies of others were introduced. This was the

---

1. The substance of the trial court's decision is as follows:

   The government's motion to reconsider has caused the court to reexamine the question. The government, in its brief in support of its motion to reconsider, has urged the court to consider in particular *Bloomenthal [Blumenthal] v. U. S.*, 332 U.S. 539, 68 S.Ct. 248, 92 L.Ed. 154 (1947); *U. S. v. Mallah*, 303 [503] F.2d 971 (2d Cir. 1974); *U. S. v. LaVecchia*, 513 F.2d 1210 (2d Cir. 1975); and *U. S. v. Baxter*, 492 F.2d 150 (9th Cir. 1973). Reexamination of those authorities plus reexamination of *Kotteakos, supra, Barnard v. U. S.*, 342 F.2d 309 (9th Cir. 1965), *Rocha v. U. S.*, 288 F.2d 545 (9th Cir. 1961), *U. S. v. Vaught*, 485 F.2d 320 (4th Cir. 1973), and *U. S.v . Gallman* [578 F.2d 1379] (10th Cir. 1978), No. 76–1882 lead the court to conclude that the facts in this case as to these seven defendants are sufficiently parallel to the facts set forth in *Kotteakos* as to require dismissal of count 1. As the court said in *Kotteakos*:

   The dangers of transference of guilt from one to another across the line separating conspiracies, self-consciously or otherwise, are so great that no one really can say prejudice to substantial right has not taken place.

   \* \* \* \* \* \*

   That right, in each instance, was the right not to be tried en masse for the conglomeration of distinct and separate offenses committed by others as shown by this record. 328 U.S. at 774 and 775, 66 S.Ct. 1239.

   The conclusion which the court reaches in this case is limited to the evidence which was adduced in the trial against the above named seven defendants and is not applicable with respect to the defendants who went to trial in this case on April 10, 1978.

   Count I is dismissed with respect to the seven defendants above named. *Kotteakos v. United States, supra; Rocha v. U. S., supra.*

underlying reason for the variance that was found and for the action that was taken.

The district attorney's prayer was that the trial judge should be reversed because there was only one conspiracy after all. It follows from what we have said that the district attorney's prayer is not tenable and we reject it.

### III.

We finally consider appealability of the case by the government. Under 18 U.S.C. § 3731 (as amended), the government has a right to appeal the trial court's dismissal of Count I only if retrial is not prevented by the double jeopardy provision of the Fifth Amendment.

Until recent times there could not be a retrial following dismissal of an indictment after a trial to the court. The Supreme Court so held in 1975. *United States v. Jenkins,* 420 U.S. 358, 95 S.Ct. 1006, 43 L.Ed.2d 250 (1975). In *United States v. Scott,* 437 U.S. 82, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978), an opinion by Mr. Justice Rehnquist, who had also authored *Jenkins,* it was held that where, at the conclusion of evidence and on the defendant's prior motion, the court dismissed two counts of the information on the basis of pre-indictment delay, the government was not precluded from appealing the dismissal. The principle announced was that where mid-trial termination of the trial by dismissal of the indictment is obtained by the defendant (where there has not been a judgment of acquittal on the evidence), a retrial is not barred by the double jeopardy clause. *Jenkins* was overruled.

The Supreme Court's decision in *Lee v. United States,* 432 U.S. 23, 97 S.Ct. 2141, 53 L.Ed.2d 80 (1978), was cited and relied on in *Scott.* There the charge had been defective. Lee's lawyer moved for dismissal immediately after the jury was empaneled. The information did not allege that the defendant had acted in a theft case with either knowledge or intent. The court did not rule on the motion, but instead took evidence. Although the evidence presented by the government was complete and sufficient, the trial court nonetheless dismissed the case because of the mentioned defect in the information. Subsequently, Lee was again charged with theft. This time the information alleged the essential elements. Lee was convicted and the Seventh Circuit affirmed the conviction. Lee urged in the Supreme Court that the double jeopardy clause barred the second prosecution and conviction. The government argued that by the last minute timing of the motion, that is, waiting until the jury was sworn, that the defendant had invited the court to interrupt the proceedings.

The Supreme Court based its decision on *United States v. Dinitz,* 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976). In *Dinitz,* the trial court had excluded one of defendant's lawyers from the courtroom, whereupon the defendant's remaining lawyer moved for a mistrial. The court granted the motion. Later the defendant was indicted on the same charge and was convicted. The Supreme Court held that the second trial did not violate the Fifth Amendment. The reasoning was that the *Lee* case was like *Dinitz* in that the proceedings were terminated at the defendant's request and with his consent. Lee had made a motion which the court in effect took under advisement and this motion was not withdrawn by him. Thus, the ruling of the court was given at the behest of the accused. The drafting error in the charge was regarded as merely an act of negligence and did not constitute governmental overreaching capable of offsetting the factor of the motion being made by the defendant.

In this case, as in *Dinitz,* the proceedings were terminated at the defendant's request and with his consent.  .  .  .

It follows under *Dinitz* that there was no double jeopardy barrier to petitioner's retrial unless the judicial or prosecutorial error that prompted petitioner's motion was "intended to provoke" the motion or was otherwise "motivated by bad faith or undertaken to harass or prejudice" petitioner.

*Lee v. United States,* 432 U.S. 23, 33–34, 97 S.Ct. 2141, 2148, 53 L.Ed.2d 80 (1977).

In the case at bar the defendants moved for dismissal of Count I of the indictment. This motion did not go to the merits of the case. It was concerned with the validity of the charge. It can therefore be said that it is not distinguishable from a motion for mistrial made by the defendant and not brought about by overreaching on the part of the district attorney.

■ Accordingly, then, we must conclude that a second trial on a reconstructed conspiracy charge, which does not suffer the ills that the charge here had, can be had. Therefore, the trial court's judgment that there can be retrial should be and the same is hereby affirmed.

Based on our conclusion that the cause is reviewable since there is not a conflict with the double jeopardy provision of the Constitution, and based also on our conclusion that the trial court was not in error in finding and concluding multiple conspiracies, the cause is remanded to the district court for further proceedings consistent with the views expressed herein.

HOLLOWAY, Circuit Judge, dissenting:

I respectfully dissent. Because I conclude that the Double Jeopardy Clause bars a retrial of these defendants-appellees on the conspiracy count in question, I would dismiss the Government's appeal which does not lie under 18 U.S.C. § 3731 where the Clause prohibits further prosecution.

The dispositive questions turn on an examination of what occurred during and after the six days of trial of these defendants on the conspiracy count and several substantive counts, these defendants all being charged in the conspiracy count (count 1) and at least one substantive count. To me, the record shows clearly that the trial court denied motions to dismiss the conspiracy charge for duplicity in *alleging* several conspiracies, that the court ruled that more than one conspiracy was shown on the basis of the *evidence,* that at the time that ruling was announced the court contemplated a retrial of the conspiracy and other counts with the Government being required to restructure its proof of conspiracy, but that the court later reconsidered and *dismissed* the conspiracy count as to these defendants 15 days later by the order in question, not then contemplating a retrial.

The trial court's order of June 23, 1978, which is sought to be appealed herein, states that when the docket was sounded each of these defendants moved to dismiss count 1, asserting that they were being charged with multiple conspiracies, citing *Kotteakos v. United States,* 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557. The order points out that the court denied the motions to dismiss and stated it would be necessary to hear the Government's proof before the Court could determine whether there was a variance between the one conspiracy charged and the proof. (XI R. 240–41).

The order points out further that after six days of trial the court was forced to declare a mistrial because of failure of the Government to furnish Jencks Act materials. And the order then says that defendants again urged the court to dismiss the conspiracy count because the proof had shown multiple conspiracies and the "court stated from the bench that the proof so far as these seven defendants were concerned, did show multiple conspiracies." (Id. at 241).

The record of the proceedings in court and the trial court's remarks reveal the same developments. At the conclusion of the six days of trial the court announced orally both his declaration of the mistrial because of the Jencks Act problem and his belief "that the evidence in this case shows more than one conspiracy." The remedy for the latter ruling was "that it will be incumbent upon the Government so far as a new trial is concerned to focus effort as far as conspiracies are concerned with respect to at least the two conspiracies that I have indicated, and the participants in those matters." (IX R. 960). And the court further said (id. at 961):

. . . I think effort will have to be made in connection with any such retrial by the United States attorney, and counsel for the defendants, and the Court to

focus the trial in a manner so that what I conceive to be a situation in this case which is forbidden by the Tenth Circuit case and the Supreme Court case to avoid that, to avoid having that circumstance arise in connection with the next trial, if there be one.

The court had just discussed *Kotteakos* and *United States v. Butler*, 494 F.2d 1246 (10th Cir.) and their treatment of the multiple conspiracy problem.

The court also stated that "[m]istrial is going to be granted on all counts." (Id. at 963). And although further request for dismissal was made of the conspiracy count, that request was rejected, the court remarking that dismissal was not the court's position and that the *Butler* opinion had remanded for a new trial. (Id. at 965).

Thus, at the time the rulings were announced at the end of the six days of trial, the trial court did clearly contemplate a new trial on the conspiracy count along with the substantive counts.

However, there are other critical facts in our record. Toward the end of the proceedings when counsel pressed again the point that the court should instead dismiss the conspiracy count the court refused to dismiss that count but stated (id. at 966):

Well, the Court has been thinking about that. I have steadfastly told you that I would not rule on those motions until I heard all the evidence in the Government's case. That would have been my position but for this other matter which arose today. Now, if, in view of what has occurred, you are certainly not precluded from, if you think you can demonstrate to me that the law is that I ought to dismiss, you will be permitted to file such a motion and a brief in support thereof. At the present time my ruling is simply that there is going to be a mistrial.

Fifteen days later, the question was reconsidered. And instead of refusing to dismiss the conspiracy count and scheduling a retrial on that count, the court dismissed the count by its order of June 23, 1978. The order pointed out that the Government's motion to reconsider an order of severance entered on June 14 [1] had caused the court to reexamine the question of dismissal and its earlier view under *Butler* "that it would not be necessary to dismiss count 1 of the indictment . . . " (XI R. 241). After discussing the problem further, the order concluded that "the facts in the case as to these seven defendants are sufficiently parallel to the facts set forth in *Kotteakos* as to require dismissal of count 1." This conclusion was said to be "limited to the evidence which was addressed in the trial against the above named seven defendants . . . " (id. at 241) and was not applicable to defendants tried earlier. The order dismissed count 1. (Id. at 242).

From the whole of the record it seems clear to me that on reconsideration the trial court dismissed the conspiracy count without any provision for a retrial of that charge, and that it did so not on a defect in the indictment, but on failure of the Government to prove the single conspiracy it set out to prove, the evidence showing more than one conspiracy. And the court stated also that "with respect to each of [the two separate conspiracies shown on planting and growing marihuana, and on picking up and returning marihuana from south Texas] *as to some of these defendants on trial there is a clear absence of any showing of any participation by those defendants in either of those conspiracies except to the extent that they may have been buyers or purchasers of marihuana.*" (IX R. 959–60) (Emphasis added).

It is true that the court said there was some proof of more than one conspiracy and in that sense this in not a case where the trial court finds no proof of any guilt. Nevertheless, on the basis of the evidence of six days of trial the court found that the Government did not prove the single overall conspiracy charged. In this situation, where jeopardy had attached and the ruling

---

1. This order had severed the substantive counts from trial with the conspiracy count and sev-

ered the substantive counts from each other for retrial. (XI R. 237).

on the defect in the Government's case was based on the proof, a dismissal was proper. In similar circumstances a judgment of acquittal has been entered and dismissal has been directed of an overall conspiracy charge. *Fernandez v. United States,* 329 F.2d 899, 905, 909 (9th Cir.), cert. denied, 379 U.S. 832, 85 S.Ct. 62, 13 L.Ed.2d 40 (as to the petition for certiorari of the defendants whose other convictions were affirmed); see 8 Moore's Federal Practice ¶ 8.06[4], p. 8–44; but see *United States v. Varelli,* 407 F.2d 735, 745 (7th Cir.), cert. denied, 405 U.S. 1040, 92 S.Ct. 1311, 31 L.Ed.2d 581.

Our *Butler* case did remand for a new trial as to one defendant in similar circumstances. However I do not feel that this disposition can be made in view of *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1.[2] And I do not believe a retrial can be justified under *United States v. Scott,* 436 U.S. 128, 98 S.Ct. 1717, 56 L.Ed.2d 168, which held appealable a dismissal for preindictment delay, or *Lee v. United States,* 432 U.S. 23, 97 S.Ct. 2141, 53 L.Ed.2d 80, which concerned a prior dismissal after the evidence was heard but for a defect in the information. Here the dismissal was based on the evidence and the Government's failure to prove the single conspiracy charged. Thus this case is closer to the problem of insufficiency of the evidence in *Sanabria v. United States,* 437 U.S. 54, 64–73, 98 S.Ct. 2170, 57 L.Ed.2d 43, and double jeopardy is involved.

We have focused considerable attention here on what the trial judge actually did rule and whether he intended to retry the conspiracy count. That is of significance, particularly so that we know what we are reviewing and affirming or setting aside. However, the vital safeguard of the Double Jeopardy Clause is not measured by the intention or discretion of the trial court or this court. Availability of the constitutional safeguard is a question of law, and it should not be given a narrow, grudging application which would deprive it of much of its significance. See *Green v. United States,* 355 U.S. 184, 198, 78 S.Ct. 221, 2 L.Ed.2d 199.

After examining the Government's evidence presented in six days of trial, the trial judge concluded that the Government failed to establish the single overall conspiracy it set out to prove. To subject these defendants to a retrial on the conspiracy count would compel them to "run the gantlet" twice. *Green v. United States, supra* at 190, 78 S.Ct. 221. Concluding that the Double Jeopardy Clause protects the defendants from retrial on that charge, I would dismiss the appeal.

2. *Burks* was decided June 14, 1978. The order of dismissal in question was filed June 23, 1978.